UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDY J.,

             Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 3:19-CV-5399-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

     Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

     After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in assessing the opinion of examining psychologist Dr. Weiss. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On August 7, 2013, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of June 22, 2009. AR 15, 140-44. Her application was denied upon initial administrative review and on reconsideration. AR 15, 75-77, 79-83, 84-88. A hearing was held before ALJ Jo Hoenninger on January 24, 2018. AR 30-39. Plaintiff did not appear, saying that she underwent a liver biopsy the day before the hearing. AR 15, 33. Plaintiff did not respond to a Notice to Show Cause letter, and the ALJ found that Plaintiff had constructively waived her right to appear at the hearing. AR 15-16.

In a decision dated May 2, 2018, ALJ Hoenninger found that Plaintiff was not disabled. AR 12-26. The Social Security Appeals Council denied Plaintiff's request for review on March 7, 2019. AR 1-6. The ALJ's decision of May 2, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly assess opinion evidence from examining psychologist William Weiss, Ph.D. Dkt. 8, pp. 3-9.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**I.     Whether the ALJ properly considered Dr. Weiss' opinion.**

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Weiss conducted a psychological evaluation of Plaintiff on December 30, 2013. AR 232-37. Dr. Weiss' evaluation consisted of a clinical interview, a mental status examination, and psychological testing. *Id.* Based on this evaluation, Dr. Weiss diagnosed Plaintiff with bipolar disorder. AR 236. Dr. Weiss stated that Plaintiff had problems with reasoning, poor judgment when she was in a manic state, and required further understanding of methods she could use to control her symptoms. AR 237. Dr. Weiss opined that Plaintiff's ability to adapt and sustain concentration and persistence were "severely" impaired by her bipolar disorder. *Id.* Dr. Weiss further opined that Plaintiff's ability to engage in social interaction was "markedly" limited. *Id.* Dr. Weiss stated that Plaintiff would not be able to maintain gainful employment due to the long-term nature of her bipolar disorder, and that it was "unlikely" that Plaintiff would be able to work in the future. *Id.*

The ALJ assigned "little weight" to Dr. Weiss' opinion, reasoning that: (1) Dr. Weiss relied heavily on Plaintiff's unreliable subjective allegations; (2) Dr. Weiss conducted little in the way of objective testing; (3) Plaintiff's statements to Dr. Weiss were inconsistent with the record, which indicates that Plaintiff did not complain of similar symptoms to her treating

psychiatrist; and (4) Dr. Weiss incorrectly relied on Plaintiff's statement that she had been diagnosed with bipolar disorder even though Plaintiff's treatment provider appears to have explicitly ruled out bipolar disorder as a diagnosis. AR 23.

With respect to the ALJ's first two reasons, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

The administrative record in this case contains limited information concerning Plaintiff's symptom allegations. Plaintiff did not attend the hearing on January 24, 2018. AR 32. Plaintiff's husband called the hearing office on the day of the hearing to inform them that Plaintiff had undergone a liver biopsy the previous day. AR 15, 33. The ALJ stated that she wanted some evidence to verify that Plaintiff in fact underwent a biopsy, and issued a Notice to Show Cause letter on January 31, 2018. AR 15, 33-34, 136.

Plaintiff did not respond to the Notice to Show Cause letter. On February 14, 2018, Plaintiff's attorney sent the ALJ a letter indicating that she had been unable to contact Plaintiff concerning her claim, but stating that Plaintiff had returned updated representation documents, which Plaintiff's attorney took to mean that Plaintiff wished to pursue her claim. AR 136.

Plaintiff's attorney stated that she would provide updated medical records, and expected that documentation concerning Plaintiff's liver biopsy would be contained in these records.[1] *Id.*

Based on Plaintiff's failure to respond to the Notice to Show Cause letter and the inability of Plaintiff's representative to establish contact with her, the ALJ found that Plaintiff had constructively waived her right to appear at the hearing. AR 15-16, citing Hearings, Appeals and Litigation Manual ("HALLEX") I-2-4-25D (explaining the circumstances under which an ALJ may find that a claimant has constructively waived her right to appear at the hearing).

Plaintiff does not challenge the ALJ's finding that she constructively waived her right to appear at the hearing, and does not challenge the ALJ's treatment of her symptom allegations. Accordingly, Plaintiff has waived any argument concerning the ALJ's evaluation of her testimony. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e 'review only issues which are argued specifically and distinctly in a party's opening brief.'" (citations omitted)).

Because Plaintiff's symptom testimony has been properly discounted by the ALJ, the Court must determine if Dr. Weiss' opinion was based "to a large extent" on Plaintiff's allegations rather Dr. Weiss' own observations. *Ryan*, 528 F.3d at 1199-1200.

Dr. Weiss did base his opinion partly on his own observations, and conducted a clinical interview, a mental status examination, and psychological testing. AR 232-37. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report.").

---

[1] The Court notes that Plaintiff does not appear to have submitted documentation concerning her liver biopsy.

However, according to Dr. Weiss, the only evidence he was able to review concerning Plaintiff's allegations was a disability report completed by Plaintiff in September 2013 in connection with her claim, in which Plaintiff stated that she had been undergoing treatment for bipolar disorder and a range of other psychological conditions since 1998. AR 160-67, 234. In assessing Plaintiff's mental limitations, Dr. Weiss reasoned that Plaintiff:

> has problems with reasoning. She did not do well on the Proverb Interpretation or Judgment and Insight segments of the cognitive portion of the mental status examination. When she is manic, her judgment is poor. She can drive too fast. She becomes sexually overactive and she can spend too much money. Her understanding of her problems has improved with years of psychotherapy, but she needs further understanding of her problems, and further understanding of methods she can use to control them. Memory was intact. Sustained concentration and persistence are severely impaired by her Bipolar Disorder. Social interaction is markedly impaired. Adaptation is severely impaired by her Bipolar Disorder. At the present time, she would not be able to maintain gainful employment due to the long-term nature of her Bipolar problem. She is unlikely to be able to do so in the future.

AR 237.

Dr. Weiss' statements regarding Plaintiff's "years of psychotherapy" and the "long-term nature" of her bipolar disorder indicate that Dr. Weiss based his opinion concerning Plaintiff's limitations to a significant extent on Plaintiff's statements concerning her treatment history, given that Dr. Weiss did not have access to Plaintiff's treatment records. As such, Dr. Weiss, as a matter of necessity, had to rely, to a large extent, on Plaintiff's subjective allegations in assessing his opinion.

Dr. Weiss' opinion that Plaintiff would have marked and severe limitations with respect to concentration, social interaction, and adaptation due to her bipolar disorder appear to be based to a large extent on Plaintiff's statements concerning her treatment history, particularly her behavior when she is in a "manic" state. AR 237.

Dr. Weiss' opinion indicates that while Dr. Weiss did conduct objective testing, he relied, to a large extent, on Plaintiff's characterization of her impairment and her treatment history. As discussed above, Plaintiff has not challenged the ALJ's decision to discount her symptom testimony. As discussed below, the description Plaintiff provided to Dr. Weiss concerning her mental impairment and its attendant symptoms is not substantiated by the medical record.

The ALJ reasoned that Plaintiff's statements to Dr. Weiss were inconsistent with the medical record, which indicates that Plaintiff did not complain of similar manic symptoms to her treating psychiatrist, George Mecouch, D.O. AR 23. Plaintiff did not report symptoms consistent with her complaints to Dr. Weiss to Dr. Mecouch or to any other treating provider during the period at issue. *See* AR 244-49, 250-333; *see also* 20 C.F.R § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion.").

Finally, the ALJ reasoned that Dr. Weiss incorrectly relied on Plaintiff's statement that she had been diagnosed with bipolar disorder, which is inconsistent with Dr. Mecouch's diagnosis of depression. AR 23. Dr. Mecouch appears to have first diagnosed Plaintiff with major depressive disorder in February 2009, stating that Plaintiff's mood fluctuations "tend to be in the depressive sphere and there is no clear cross-sectional history of hypomania or mania." AR 248-49. Dr. Mecouch's diagnosis remained consistent between 2009 and 2013. AR 244-49.

Dr. Weiss based his opinion that Plaintiff would be "severely" limited with respect to adaptation and sustaining concentration and persistence and would be unable to maintain gainful employment on "the long-term nature" of Plaintiff's bipolar disorder. AR 237. Because the ALJ relied heavily on the limitations caused by Plaintiff's alleged bipolar disorder in assessing her

functional limitations, the Court cannot say that the ALJ erred in discounting Dr. Weiss' opinion by noting that Plaintiff's treating psychiatrist never diagnosed her with this condition.

In citing Dr. Weiss' reliance on Plaintiff's unreliable subjective allegations, the inconsistency of Plaintiff's statements concerning her symptoms with the medical record, and Plaintiff's inaccurate characterization of her mental impairment as bipolar disorder, the ALJ has provided specific, legitimate reasons for discounting Dr. Weiss' opinion.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 16th day of January, 2020.

David W. Christel
United States Magistrate Judge